FILED
United States Court of Appeals
Tenth Circuit

July 27, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CONDY B. WASHINGTON,

Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

Respondent - Appellee.

No. 12-5075
(N.D. Oklahoma)
(D.C. No. 4:08-CV-00481-TCK-PJC)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Applicant Condy Washington, an Oklahoma prisoner, filed a *pro se* application for relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. The district court denied the application. Applicant seeks a certificate of appealability (COA) from this court to appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254 application). We deny the application for a COA and dismiss the appeal.

An Oklahoma jury found Applicant guilty on four counts of sexually abusing a minor child and one count of lewd or indecent acts with a child. The crimes stemmed from separate incidents involving two locations and two young girls. In accordance with the jury's recommendation, the state judge sentenced

Applicant to 75 years' imprisonment on two sexual-abuse counts, life imprisonment on the other two sexual-abuse counts, and 20 years' imprisonment on the lewd-act count, all to run consecutively. The judge also imposed a $10,000 fine.

Applicant appealed his convictions and sentence to the Oklahoma Court of Criminal Appeals (OCCA), raising two issues: First, Applicant complained that "three State's witnesses improperly vouched for the credibility of the child victims." Summary Opinion at 1, *Washington v. State*, Case No. F-2005-808 (Okla. Crim. App. Apr. 25, 2007) (unpublished) (the OCCA Opinion). He challenged testimony by the school nurse that she saw no evidence that the two victims coached one another, testimony by a sheriff's investigator that the victims' allegations had been fairly consistent regarding sex abuse, and testimony by a forensic interviewer that attempted to explain why a child's statement in an informal interview by a trained child interviewer could differ materially from the child's formal testimony at trial. Second, Applicant complained that he had been "denied a fair trial by the omission of a jury instruction on Oklahoma's 85% Rule," *id.* at 2, which requires that those convicted of certain crimes serve no less than 85% of their prison sentences before becoming eligible for parole, *see* Okla. Stat. tit. 21, §§ 12.1, 13.1. The OCCA rejected both claims. It said that the nurse and the sheriff's investigator never vouched for the victims' credibility; rather, they "both testified about their observations of the children." OCCA Opinion at

2.  As for the forensic interviewer, the OCCA held that the testimony was proper under a prior OCCA decision, which permits expert testimony explaining the behavior of child victims, such as delays in reporting and recantations.  On the second claim the OCCA held that although it was error for the trial court to refuse Applicant's request for an instruction on Oklahoma's 85% Rule, the error did not require reversal because it had not "resulted in a miscarriage of justice" or "a substantial violation of a constitutional or statutory right."  *Id.* (internal quotation marks omitted).

Applicant filed his § 2254 application in July 2008 and an amended application in March 2009.  The amended application raised the same claims as on his direct appeal to the OCCA, except couched as federal constitutional claims.

Denying the vouching claim, the district court observed that a federal court can grant habeas relief based on a state-law evidentiary ruling only if the ruling "rendered the trial 'so fundamentally unfair as to constitute a denial of federal constitutional rights,'" R. at 172 (quoting *Brinlee v. Crisp*, 608 F.2d 839, 850 (10th Cir. 1979)); *see Elliott v. Williams*, 248 F.3d 1205, 1214 (10th Cir. 2001) ("In order for habeas corpus relief to be granted by a federal court based on a state court evidentiary ruling, the rulings must render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." (internal quotation marks omitted)), and that the Supreme Court has never held that improper vouching violates due process.  The court further ruled that the challenged

testimony did not deny Applicant a fair trial. It concluded that the OCCA's decision was not an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1) (relief can be granted under § 2254 on a claim adjudicated on the merits by a state court only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States").

On the instruction claim the district court noted that although the OCCA had held that trial courts should instruct jurors on Oklahoma's 85% Rule, it did not do so until more than eight months after Applicant's trial and specified that its holding did not apply to cases tried earlier. The district court also observed that there is no federal requirement that jurors be instructed about parole eligibility in a noncapital case. The court concluded that the state trial court's failure to instruct on the 85% Rule did not render Applicant's trial fundamentally unfair and that the OCCA's adjudication of the claim was not an unreasonable application of Supreme Court law.

Applicant seeks a COA on both his § 2254 claims. He argues that "reversal is required because the State's supporting witnesses were allowed to opine on the credibility of the complaining witnesses, thereby invading the province of the jury which alone shoulders the responsibility of assessing credibility" and that "failure to instruct on parole ineligibility was error." Aplt. Br. at 3–4 (capitalization omitted).

-4-

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* For those claims that the state court adjudicated on the merits, the "deferential treatment of state court decisions [required by 28 U.S.C. § 2254] must be incorporated into our consideration of [an applicant's] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). In our view, no reasonable jurist could debate the district court's conclusions.

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-5-